# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Trinity Hospitals, Inc, and Trinity Health, Inc., | ) ) ) |
| Plaintiffs, | ) ) **ORDER GRANTING IN PART AND** |
| vs. | ) **DENYING IN PART MOTION FOR** ) **LEAVE TO FILE UNDER SEAL** ) **AND TO SHOW CAUSE** |
| The Markham Group, LLC, Bruce Sinclair, Christopher Todd Coon, and Doe No. 1, | ) ) Case No. 1-17-cv-237 ) |
| Defendants. | ) |

Before the court is Plaintiffs' Motion for Leave to File Under Seal. (Doc. No. 26). The Plaintiffs seek to bring a motion to compel regarding certain information and documentation withheld by the Defendants under claims of privilege. (Doc. No. 26-2). In that forthcoming motion, the Plaintiffs incorporate various materials marked confidential by the Defendants under the protective order entered in this case. (Doc. No. 21). Pursuant to their obligations under that protective order, the Plaintiffs seek to file their memorandum in support of their motion and various documents incorporated therein under seal.

In evaluating a motion to file under seal, the Eighth Circuit has said:

> There is a common-law right of access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). The Court in Nixon explained that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents," but that "the right to inspect and copy judicial records is not absolute." Id. at 597–98, 98 S.Ct. 1306 (footnotes omitted). This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 161 (3d Cir.1993), and "to keep a watchful eye on the workings of public agencies." Nixon, 435 U.S. at 598, 98 S.Ct. 1306. It also provides a measure of accountability to the public at large, which pays for the courts. See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999).

IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." Id. at 1223. Whether to allow filing under seal is a matter of this court's discretion. Id.

The court is loathe to allow the wholesale filing of motions and supporting documents under seal. Hence, if Plaintiffs wish to file a memorandum making reference to matters designated confidential, it will need to file one version of the memorandum that narrowly redacts only that information that has been designated confidential and another unredacted version under seal.

This process makes the litigation more difficult for everyone, including the court. Further, there is the right of public access. With that in mind, the court did briefly review the documents that Plaintiffs seek to file under seal as a result of designations of confidentiality made by Defendants. The documents, by in large, concern discussions coordinating a public relations campaign. The documents do not appear to contain social security numbers, bank account information, trade secrets, or other sensitive information of the like traditionally warranting leave to file under seal.

The court is concerned about overuse of the confidential designation in this case based simply on one or both of the parties preferring not to litigate certain matters in public but for which there is not good reason for sealing. Consequently, the court will allow both sides the opportunity to show cause why the documents that will be sealed now should not be unsealed. If no showing is made, the court will order the clerk to unseal them.

Based on the foregoing, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to file under seal (Doc. No. 26). The court **DENIES** the motion to the extent that it seeks

2

to file the entire memorandum in support of the motion to compel under seal. Rather, Plaintiffs are **DIRECTED** to file a version of the memorandum that is narrowly redacted to exclude only the information claimed to be confidential without seal and an unredacted version under seal. The court **GRANTS** that part of Plaintiffs' motion in which they seek to file under seal the supporting documents. But, it is further **ORDERED** that both parties shall have fourteen (14) days after the filing of the documents under seal to show cause why the documents should not be unsealed. Failure to show cause will likely result in the documents being unsealed.

**IT IS SO ORDERED.**

Dated this 14th day of June, 2018.

/s/ *Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court